TARA K. McGRATH
United States Attorney
LYNDZIE M. CARTER
Assistant U.S. Attorney
Kansas Bar No. 25773
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-8780
Lyndzie.Carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TROY OTHNEIL SMITH,<br>Defendant. | Case No. 24-CR-2296-RBM<br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and Lyndzie M. Carter, Assistant United States Attorney, and defendant, TROY OTHNEIL SMITH, with the advice and consent of ASHBY C. SORENSEN, counsel for defendant, as follows:

//

//

//

//

//

//

LMC:12/20/24

# I

## THE PLEA

A. THE CHARGES

Defendant agrees to plead guilty to Counts 1 and 3 of the Information, which charges defendant with the possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

In exchange, the Government agrees to (1) not prosecute defendant thereafter on additional charges which may carry higher custodial penalties and (2) not to seek any other upward adjustments or departures except as provided for in this agreement unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Defendant expressly waives all constitutional and statutory defenses to the reinstatement of any charges dismissed pursuant to this agreement.

B. DISMISSAL OF COUNT 2

The Government agrees to (1) move to dismiss Count 2 of the Information without prejudice after Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charge(es) unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

C. SENTENCING HEARING

Defendant and his counsel of record agree to go forward on the date and time set for the sentencing hearing and agree not to seek a continuance of the sentencing hearing, unless the United States expressly agrees to a continuance.

C. FORFEITURE

Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. Defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case. By signing this plea agreement defendant is hereby withdrawing any and all claims and any and all petitions relating to or arising from the seizures and forfeiture of properties in connection with this case.

D. NON-PROSECUTION OF OFFENSE CARRYING MANDATORY MINIMUM PENALTY

The Government agrees not to prosecute defendant with an offense under Title 21 that carries a mandatory minimum sentence for the conduct described herein unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

E. TIMELINESS/OFFER REVOCATION

The disposition contemplated by this plea agreement is conditioned on (1) Defendant accepting the offer by either signing this agreement or agreeing that the Government can lodge it with the Court on or before **January 17, 2024**; and (2) Defendant's guilty plea being entered or tendered before the Court thereafter.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1. Defendant knowingly possessed cocaine or some other federally controlled substance; and

2. Defendant possessed the cocaine with the intent to deliver it to another person.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about October 4, 2023, the U.S. Postal Service seized a package containing 283.9 grams of cocaine, a Schedule II Controlled Substance ("the package").

2. On or about October 2, 2023, the Defendant had purchased the postage for the package from a self-service kiosk at the Carlsbad Post Office located within the Southern District of California.

3. At the time defendant mailed the package, Defendant knowingly possessed, with the intent to deliver to another person, the 283.9 grams of cocaineconcealed therein.

4. On September 25, 2024, the Defendant flew in a private airplane from San Diego, California, to Mesa, Arizona, landing at approximately 6:48 p.m., as a student-pilot.

5. On September 25, 2024, the Defendant departed in the same private airplane as a student-pilot from Mesa, Arizona, at approximately 11:08 p.m.

6. On September 26, 2024, at approximately 1:39 a.m., the the Defendant and his co-pilot made an emergency landing on Highway 76 in Oceanside, California, within the Southern District of California.



Def. Initials TS

7. At the time of the emergency landing, Defendant possessed inside his black backpack one kilogram of cocaine, a Schedule II Controlled Substance.

8. In attempts to conceal the one kilogram of cocaine from Oceanside Police Department officers, Defendant removed the package from his backpack and attempted to hide the package in the bushes near the guardrail on the highway before he was thwarted by officers.

9. At the time the Defendant was involved in the emergency landing, Defendant knowingly possessed, with the intent to deliver to another person, approximately one kilogram of cocaine concealed therein.

10. Defendant admits for purposes of sentencing that the following relevant facts are true and undisputed:

a. On or about October 31, 2023, the U.S. Postal Service seized a package containing 845 grams of cocaine, a Schedule II Controlled Substance.

b. On or about October 25, 2023, the Defendant had purchased such package from a self-service kiosk at the Vista Post Office located within the Southern District of California.

c. At the time defendant mailed the package, defendant knowingly possessed, with the intent to deliver to another person, the 845 grams of cocaine concealed therein.

d. On or about October 31, 2023, the U.S. Postal Service seized a second package containing 255.5 grams of cocaine, a Schedule II Controlled Substance.

e. Also on or about October 25, 2023, the Defendant had purchased such second package from a self-service kiosk at the Vista Post Office located within the Southern District of California.

f. At the time defendant mailed the second package, defendant knowingly possessed, with the intent to deliver to another person, the 255.5 grams of cocaine, concealed therein.

g. Upon his arrest on September 26, 2024, Defendant was also found in possession of a large amount of cash and a small vial containing 11.3 grams of cocaine, a Schedule II Controlled Substance.



Def. Initials TS

## III

## PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A. a maximum 20 years in prison;

B. a maximum $1,000,000 fine;

C. a mandatory special assessment of $100.00 per count;

D. a term of supervised release of at least 3 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E. possible ineligibility for certain Federal benefits.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

//

//

//

//

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//



Def. Initials TS

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1] | 26* |
| 2. | Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2] | -2** |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |

***The actual Base Offense Level (BOL) cannot be determined until a laboratory has performed a chemical analysis of either a sample or the bulk of the controlled substance(s), so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with**

**the chemical analysis as listed on the results of the laboratory testing of the controlled substance(s) according to one of two ways. If a sample of the controlled substance is tested, then the BOL will be determined based on the gross weight of the controlled substance(s) as determined at the time of the defendant's conduct. If the bulk of the controlled substance(s) are tested, the BOL will be determined consistent with the results of the laboratory testing. If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable BOL shall be determined pursuant to USSG § 4B1.1(b). Furthermore, defendant may be ineligible for any role reduction.**

****If defendant meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2, the United States will recommend a two-level reduction of the guidelines. If defendant fails to participate in an in-person debrief upon request, the United States may argue to the Court that defendant should not qualify for a Safety Valve reduction.**

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.



Def. Initials ______

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

Pursuant to § 3553(a), the Government will recommend a two-level downward variance from the advisory Guideline range set forth in Section X, paragraph A above. This variance takes into consideration the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide just punishment for the offense, and the need to avoid unwarranted sentencing disparities among defendants with similar records. Thereafter, the Government will recommend that Defendant be sentenced to the low-end Guidelines range as calculated by the Government at the time of sentencing.

G. SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to

be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release without the express written consent of the Government.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including the length of supervised release, any condition of supervised release, and any forfeiture or restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional, any argument that the facts of this case do not constitute the crime charged, any argument that the legal procedures violated Defendant's due process rights, and any argument that the sentence imposed is procedurally erroneous or substantively unreasonable. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received

ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in court;

D. Attempting to withdraw the plea;

E. Failing to abide by any court order related to this case;

F. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue

any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No

modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

TARA K. McGRATH
United States Attorney

1/15/2025

DATED

LYNDZIE M. CARTER
Assistant U.S. Attorney

1-15-25

DATED

ASHBY C. SORENSEN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

01/15/2025

DATED

TROY OTHNEIL SMITH
Defendant

Approved By:

*/s/ Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant U.S. Attorney