ADAM GORDON
United States Attorney
LYNDZIE M. CARTER
Assistant United States Attorney
Kansas State Bar No. 25773
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8780
Email: Lyndzie.Carter@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY OTHNEIL SMITH,<br><br>Defendant. | Case No. 24-CR-2296-RBM<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Sentencing Date: May 21, 2025<br>Time: 9:00 a.m. |

Though Defendant accepted responsibility for two counts of possession of cocaine with intent to distribute on two separate occasions, he is also someone who did so on at least two additional occasions by mailing packages of cocaine through the U.S. Postal Service. For the totality of his criminal conduct, Defendant should be sentenced to 30 months' custody, followed by three years of supervised release.

//

//

//

//

A. **Offense Conduct**

The factual basis of the Plea Agreement accurately details the Defendant's conduct in this case, including the fact that Defendant possessed 283.9 grams of cocaine which he mailed through the U.S. Postal Service in 2023, and then possessed 1 kilogram of cocaine when he emergency landed a privately secured single-engine plane on Highway 76 at 1:39 a.m. in 2024.

Specifically, on October 2, 2023, Defendant purchased postage from a self-service kiosk at the Carlsbad Post Office and mailed a box wherein a package of cocaine, containing 283.9 grams, was hidden inside of a food storage container box and in a Food Saver bag, to North Carolina:







//

//

//

//







Then, on September 25, 2024, Defendant, as a student-pilot, secured a private aircraft to fly from Oceanside, California, to Mesa, Arizona. However, on the return fight, on September 26, 2024, Defendant emergency landed on Highway 76 in the middle of the night.



When law enforcement arrived, Defendant attempted to hid a brick of cocaine, which he possessed inside his black backpack, in the brushes along the road railing.









Pursuant to the Plea Agreement, Defendant also possessed a large among of cash and a small vial containing 11.3 grams of cocaine in his personal possessions.

//

//

//

//

//

//

//

//


CHEROKEE
N1711T





//

## B. Other Known Conduct

As also admitted in Defendant's Plea Agreement, on at least two other occasions Defendant mailed packages of cocaine through the U.S. Postal Service.




(First package seized on October 31, 2023)




(Second package seized on October 31, 2023)

It is also clear from the evidence seized during the course of the investigation that Defendant had his sights set next on piloting his own plane for drug distribution cross country. Defendant was a studious student-pilot before that fateful night of September 26, 2024, when he emergency landed on Highway 76, as evidence by his log books titled "Cross Country Planning" and several other pilot notes discovered in a search of his residence, showing that he was planning a cross country flight:




//

//

Defendant also had what is commonly known as pay and owe ledgers often associated with drug distribution located in his residence. These ledgers did not use actual true names of any individuals but initials, such as "J.F." or "D.G.", or monikers such as "Fisherman" and referenced services such as "La Kush Cake," "White Runtz," "OG Kush" "Ice Cream Cake" with dollar amounts associated to each in amounts such as $2,000 and $1,800.








INVOICE NO. 457609

Invoice

SOLD TO: JD
ADDRESS
CITY, STATE, ZIP
SHIPPED TO
ADDRESS
CITY, STATE, ZIP
VIA

| CUSTOMER ORDER NO. | SOLD BY | TERMS | F.O.B. | DATE |
|---|---|---|---|---|
| | | 7 days | Dest | |

| ORDR | QTY | DESCRIPTION | | Cost | Pd Pay | Owe |
|---|---|---|---|---|---|---|
| | 4oz | LEMON SKITTLZ | | 600 | 0 | 600 |
| | 4oz | SFV | | 600 | 0 | 600 |
| | 2oz | LA KUSH CAKE | | 500 | 0 | 500 |
| | 2oz | ICE CREAM CAKE | | 500 | 0 | 500 |

Finally, Defendant also had several food saver type products such as freezer ziplock bags, Food Saver bags and mustard bottles located together in a clothing closest (not in the kitchen), which are commonly used in drug distribution, and appear similar to the Food Saver bags used when Defendant mailed packages of cocaine through the mail.







//

**C. Victim Impact and Restitution**

There is no identifiable victim or restitution in this case.

**D. Guidelines Calculation**

The guidelines calculations are detailed in the plea agreement and have been filed separately in a sentencing summary chart. *See* ECF No. 35 (filed on April 1, 2025).

**E. Safety Value and Minor Role Do Not Apply**

The United States does not recommend a Safety Valve adjustment under U.S.S.G. §§ 5C1.2 and 2D1.1(b)(18) because Defendant has failed to meet the fifth requirement that he "truthfully provide[] to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." Defendant has respectfully declined to debrief with the United States[1]. Consequently, the United States does not have sufficient information to make a recommendation regarding Defendant's role in the offense under U.S.S.G. §§ 3B.1.2 and 2D1.1(a)(5).

Further, Defendant has not satisfied his "burden of demonstrating by a preponderance of the evidence that he qualifies for a minor role reduction or for safety valve treatment." *United States v. Zakharov*, 468 F.3d 1171, 1181 (9th Cir. 2006). Because Defendant has declined to make a complete and truthful disclosure, he is not eligible for either reduction.

**F. Criminal Forfeiture**

This is no formal criminal forfeiture in this case apart from the forfeiture provision outlined in the plea agreement. *See* Section C, Plea Agreement, ECF No. 31, p. 3.

**G. Special Assessment**

The parties agree that Defendant should pay the $200 special assessment. *See*

---

[1] In Defendant's Sentencing Memorandum, Defendant incorrectly states that he did "everything possible to distance himself from this episode by accepting responsibility, quickly entering a guilty plea, and *sitting down with investigators to provide as much potential useful information as possible*." ECF No. 46, p. 5-6 (emphasis added). Defendant declined to meet with investigators.

Section G, Plea Agreement, ECF No. 31, p. 11. However, the parties will not recommend imposition of a fine due to the Defendant's limited financial prospects. *Id.*

**H. <u>Government's Sentencing Recommendation</u>**

Though Defendant has unquestionably accepted responsibility and appears to be genuinely remorseful, this Court cannot ignore the totality of his criminal conduct. This was not aberrant behavior. This was criminal conduct that spanned over the course of at least 13 months and took significant planning. It is quite shocking that Defendant, given his military service 14 years ago, engaged in drug distribution numerous times. Defendant was so dedicated to these new efforts that he was taking pilot lessons to further his drug distribution activity and did not even wait until he was fully certified to fly solo before he began moving cocaine from one state to another while just a student-pilot.

The United States understands Defendant has had difficulties[2] and those difficulties have been taken into consideration in the United States' downward variance and recommendation. It is hoped that Defendant will make use of services while in custody to address what lead him to this level of criminal conduct and continue them on supervised release.

Ultimately, this Court has an obligation to provide fair and just punishment to Defendant, and to consider both specific and general deterrence. His remorse, though it may be sincere, does not erase the harm that affects the community when illicit drugs are distributed throughout the United States. For these reasons, the United States recommends a sentence of 30 months' custody, followed by three years of supervised release.

Date: May 16, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

*<u>/s/ Lyndzie M. Carter</u>*
LYNDZIE M. CARTER
Assistant U.S. Attorney

---

[2] Although a "disabled veteran" that did not stop him from learning to fly a plane to further his drug distribution efforts. ECF No. 46, p. 2.