ASHBY C. SORENSEN, ESQ.
California State Bar #244004
533 Second Street
Encinitas, CA 92024
T: (760) 815-4617
F: (888) 544-2172
E: Ashby@DiegoDefense.com

Attorney for Defendant,
TROY OTHNEIL SMITH

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITES STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>TROY OTHNEIL SMITH,<br>Defendant. | **Case No.: 3:24-CR-02296-RBM**<br><br>**DEFENDANT TROY OTHNEIL SMITH'S SENTENCING MEMORANDUM**<br><br>**Date:**<br>**Time:**<br>**Judge: Hon. Ruth B. Montenegro** |

**TO THE HONORABLE RUTH BERMUDEZ MONTENEGRO, FEDERAL DISTRICT COURT JUDGE, SOUTHERN DISTRICT OF CALIFORNIA; ADAM GORDON, UNITED STATES ATTORNEY; JOSEPH OABONA, ASSISTANT UNITED STATES ATTORNEY ; LYNDZIE M. CARTER, ASSISTANT UNITED STATES ATTORNEY; and KELLI SINGLETON, UNITED STATES PROBATION OFFICER:**

The Defendant, TROY OTHNEIL SMITH ("Mr. Smith" or "Defendant"), by and through his attorney, Ashby Sorensen, pursuant to Local Criminal Rule 32.1(a)(5), hereby files the following memorandum in regard to

Sentencing.

Defendant reserves the opportunity to make additional comments personally, or through counsel, at the time of his sentencing hearing.

## I.
## INTRODUCTION

Mr. Smith is a 36-year-old disabled veteran and father of three, with no prior criminal convictions. On January 23, 2025, Mr. Smith pled guilty to two counts of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1). Mr. Smith takes full responsibility for his conduct and has expressed sincere remorse for his actions, citing financial pressures and unresolved emotional trauma as motivating factors.

On January 15, 2025, less than three months after being charged, Mr. Smith waived indictment and entered into a written plea agreement and agreed to forfeit all properties seized in connection with the case. In exchange for his plea, the Government agreed to: 1) not prosecute defendant on additional charges; not seek upward adjustments or departures except as provided for in the plea agreement; 3) dismiss count to of the Information; 4) not prosecute Defendant with an offense under Title 21 that carries a mandatory minimum sentence;  5) agree to, jointly with the Defense, recommend a Base Offense Level of 26; 6) recommend a 2-level reduction per the Safety Valve (if applicable); and 7) recommend a 3-level reduction for Acceptance of Responsibility.

Pursuant to 18 U.S.C. 3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the Defendant, Mr. Smith would ask the court to consider the many factors in his personal background, and surrounding the offense, not as excuses, but as substantial mitigation.

In consideration of Mr. Smith's contrition for his actions, his absence of prior criminal history, his admirable history of honorable military service as a decorated Officer in the United States Marine Corp, the significant support of family and friends from which he benefits, his education and ability to benefit society, and all other factors discussed in greater detail below, Mr. Smith respectfully asks for an ultimate sentence of 18 months prison.

## **II.**
## **<u>STATEMENT OF FACTS</u>**

Mr. Smith accepts the Statement of Facts as reflected Paragraphs 28-36 of the Presentence Investigation Report prepared in this matter.

## **<u>III.</u>**
## **<u>SENTENCING GUIDELINE CALCULATIONS</u>**

### **A. Criminal History Category.**

The criminal history computation found in the Sentencing Summary Chart reflects an accurate finding of a criminal history category of I.

### **B. Offense Level.**

Mr. Smith has entered into a plea agreement with the United States Attorney. The sentencing summary chart filed by the United States accurately reflects the agreement of the parties. Per the settlement agreement, the parties have agreed to jointly recommend an offense level of 19, which, in recognition of a Category I Criminal History results in a range of 30-37  months.

As noted in Section 106 of the PSR, Probation has recommended a lower sentence of 24 months. However, given Mr. Smith's complete lack of criminal history, the nature and circumstances of the offense, the history and characteristics of the defendant, and for all the other reasons discussed herein, Mr. Smith respectfully requests that he be sentenced to not more than 18 months prison.

## IV.
## STATUTORY SENTENCING FACTORS IN 18 U.S.C. § 3553(a)

18 U.S.C. § 3553(a)(1) states that, "The court, in determining the particular sentence to be imposed, shall consider…the nature and circumstances of the offense and the history and characteristics of the defendant…" The need to deter future criminal conduct is a key drive of the statute. For the reasons set forth below, Mr. Smith requests that the court allow for a further downward departure and a resulting sentence of not more than 18-months in custody, which will provide sufficient punishment and deterrence, while tempering the severity of the sentence with the mercy due a relatively young man with no history of violence or

any other criminality whatsoever.

**A. The Nature and Circumstances of the Offense.**

Mr. Smith was implicated in the mailing of several packages containing cocaine from California to addresses on the East Coast, as well as transporting cocaine during a flight that ended in an emergency landing. While the offenses are serious, they do not involve violence or weapons. Mr. Smith's involvement did not include sophisticated trafficking operations or cartel affiliations. Rather, they reflect a discrete and personal attempt to mitigate severe financial stress stemming from the garnishment of his military disability payments.

The instant offense was the product of several factors that, while not offered as an excuse, are certainly mitigatory in nature.

First, Mr. Smith was struggling with significant debt at the time, which arose following his inadvertent failure to discontinue military aid which resulted in the garnishment of his disability payments that he had become dependent on. Around this same time, Mr. Smith began self-medicating with marijuana and cocaine to cope with anxiety and insomnia.

The offense at issue here is nonviolent. There is no identifiable victim. As explained in further detail below, Mr. Smith has expressed sincere remorse and done everything possible to distance himself from this episode by accepting responsibility and quickly entering a guilty plea.

**B. History and Characteristics of the Defendant**

Mr. Smith is a decorated veteran, having served in the United States Marine Corps for nearly a decade, testing explosives and other weapons. He was honorably discharged in 2011 having achieved the rank of Captain (see attached service and discharge paperwork, attached as **Exhibit A**, and incorporated by reference). Mr. Smith's decorated military career reflects not only his exceptional competence as a Marine Corps officer but also his sustained commitment to service, leadership, and community betterment. He has been formally recognized with three separate United States Marine Corps awards, each underscoring a different facet of his outstanding character and professional contribution.

First, Mr. Smith was awarded the Navy and Marine Corps Achievement Medal for his exemplary service as Company Commander of the Engineer Maintenance Company, 3rd Maintenance Battalion, in Okinawa, Japan. Over a two-year period, he led over 200 Marines through complex logistical operations, including the successful execution of Exercise Freedom Banner 2016 and readiness inspections with commendable results. His leadership elevated unit morale, improved training standards, and ensured mission readiness, all while earning praise from inspectors and superiors alike. See **Exhibit B**, attached.

Second, he earned a separate Navy and Marine Corps Achievement Medal

as Executive Officer of the Engineer Services Company. In this role, then-First Lieutenant Smith was instrumental in expanding his company from 15 to 115 Marines, achieving a 93% inspection rating, and deploying engineering detachments and critical humanitarian aid to the Philippines during Operation Damayan. His leadership directly supported the delivery of over 120,000 gallons of potable water and life-saving infrastructure to areas devastated by Typhoon Haiyan. See **Exhibit C**, attached.

Finally, Mr. Smith was awarded the Military Outstanding Volunteer Service Medal in recognition of over 456 hours of community service between 2013 and 2016. His voluntary commitments included coaching youth sports, mentoring at-risk children, feeding the homeless, supporting special needs athletes, and leading fraternity-based outreach efforts. These efforts embody the Marine Corps values of honor, courage, and commitment—not just in uniform, but in service to humanity. See **Exhibit D**, attached.

Mr. Smith has no prior criminal record, is actively involved in the lives of his children, and has shown a strong commitment to rehabilitation. He suffers from PTSD and insomnia—conditions linked to his military service—and has candidly acknowledged his substance abuse, expressing a desire for treatment and change. In the wake of this criminal prosecution, several friends and colleagues have reached out to enthusiastically offer their words of support and appreciation

for Mr. Smtih. Those letters are all attached and discussed briefly below.

Major Bruce Byrd, USMC, commends Mr. Smith's leadership of hundreds of Marines, community service, and mentorship work. He describes him as a selfless servant and dedicated father who continues to lead and uplift others. Major Byrd's full letter is attached as **Exhibit E**.

Mr. Smith's longtime friend and community program manager, Leonor Perea, MPH, describes Mr. Smith as a resilient, accountable Marine Corps veteran and devoted father who made difficult decisions out of love and necessity to support his children. She emphasizes his commitment to personal growth and serving as a model of perseverance for his family. Her full letter is attached as **Exhibit F**.

Mr. Smith's stepdaughters Alanna and Ava have both provided letters in support of their stepfather. Allann, who affectionately refers to him as "Troy-Troy," writes of her stepfather's unconditional love, encouragement, and fatherly role in her life. She praises his uplifting presence and emotional support over the past decade. Likewise, Ava expresses deep admiration for Mr. Smith as her true father figure. She highlights his loyalty, life lessons, and supportive role in shaping her sense of self and safety. Their full letters are attached as **Exhibit G** and **Exhibit H**, respectively.

ER Pharmacist and friend, Dr. Khabazian details Mr. Smith's humility,

leadership, and integrity—both as a Marine and in their personal friendship. He recounts Mr. Smith's selfless acts and enduring discipline, calling him one of the most honorable individuals he has ever known. His full letter is attached as **Exhibit I**.

Mr. Smith's High School Football Teammate Christian. Ortega recalls Troy's leadership as their high school football captain and his continued integrity and resilience. He calls Mr. Smith a dedicated family man and a valuable community member. Christian Ortega's full letter is attached as **Exhibit J**.

Captain Deacon Dupree, USMC (Ret.) affirms Mr. Smith's integrity, leadership, and commitment to service—both in uniform and through volunteerism. He praises his initiative in organizing impactful community projects. His full letter is attached as **Exhibit K**.

Deployment Supervisor and friend, Navy Commander Nik Fialka (Ret.) recounts working closely with Mr. Smith in Djibouti, where he relied on him as a trusted Crisis Action Planner. He speaks to Mr. Smith's calm leadership in high-stakes situations and lasting personal character in his letter, which is attached as **Exhibit L**.

Taurean Cumberbatch, a Sergeant with the NYPD, attests to Mr. Smith's consistent strength of character, noting their friendship since 2008. He emphasizes Mr. Smith's integrity, loyalty, and ability to inspire others, both in civilian life and

through his military service. He underscores Troy's sense of responsibility and resilience, stating he has no doubt Troy will continue to be a positive force in his community. Sgt. Cumberbatch's letter is attached as **Exhibit M**.

Collectively, the character statements and official military commendation portray Troy Smith as a man defined by loyalty, integrity, and service. From commanding Marines in high-stakes operations to guiding his stepchildren with unconditional love, Mr. Smith consistently puts others before himself. He is praised not only for his leadership and professionalism in the military, but also for his humility, emotional strength, and dedication to uplifting those around him—whether mentoring youth, supporting friends in crisis, or contributing to his community.

His actions reveal a pattern of selfless service, quiet resilience, and moral accountability. The individuals who know him best—including fellow service members, medical professionals, law enforcement, and family—are united in their belief that Mr. Smith remains a valued and redeemable member of society. These testimonials underscore that his current circumstances do not define his character, and that with compassion and judicial leniency, he will continue to contribute meaningfully to his family, his community, and the nation he has already served with distinction.

**C. Additional Considerations**

Mr. Smith maintains respectable post-release goals of working with military service animals and reunite with his long-term girlfriend and their respective children, serve whatever community service is imposed, remain clean and sober and continue in a rehabilitation program, pay off his military debt, and learn and grow from this experience.

Mr. Smith is clearly an intelligent and capable young man. He excelled in his role with the Marine Corp, is well educated, and has a strong foundation in place for returning to a position of a contributing and valuable member of society.

## V.
## RECOMMENDATION AND CONCLUSION

The primary purposes of a criminal sentence are 1) to deter future criminal offenses, 2) rehabilitation, and 3) punishment.

A sentence of 18 months, as requested here, would satisfy all three prongs. A lengthy prison sentence would be unlikely to provide any further deterrent effect, especially considering Mr. Smith's complete lack of criminal history (PSR 7:33-34) or criminal sophistication.

Finally, a sentence of 18 months followed by supervised release and an imposition of community service to repay his debt to the local community would serve as sufficient punishment in this unique situation, keeping in mind Mr. Smith's young age, lack of criminal history, acceptance of responsibility, and the

immense shame and embarrassment this ordeal has cast on him and his family – a scar he will bear for the rest of his life.

For the foregoing reasons, Mr. Smith respectfully requests that the Court impose a sentence of 18 months' imprisonment, followed by supervised release, along with a recommendation for participation in substance abuse and mental health treatment programs while in custody.

DATED: May 18, 2025

Respectfully submitted,

/Ashby C. Sorensen/______
ASHBY C. SORENSEN, ESQ.
Attorney for Defendant
TROY OTHNEIL SMITH

I have electronically notified all parties as to the filing of this document.